**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

COURTNEY ASMANN,
Individually and on behalf of all others
similarly situated,

               Plaintiff,

v.                                 Civil Action No. 12-1060-KHV/DJW

DAIRY FARMERS OF AMERICA, INC.,
and KELLER'S CREAMERY LP,

               Defendants.

**MEMORANDUM AND ORDER**

      This case comes before the Court on the Motion to Stay Proceedings Pending Transfer to the Northern District of Illinois (ECF No. 3) filed by Defendant Dairy Farmers of America, Inc. ("DFA").  Defendant DFA requests an order staying all proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this case, pursuant to Rule 7.1(a) of the Rules of Procedure of the JPML, to *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, MDL No. 2031, pending in the United States District Court for the Northern District of Illinois.  Plaintiff opposes Defendant DFA's motion, arguing that the motion is too late as they have defaulted in this action by failing to timely file an answer or other responsive pleading. For the reasons discussed below, the Court finds that Defendant DFA has defended this action and is not in default, and that its motion to stay these proceedings should be granted.  The case, however, will not be stayed as to Defendant Keller's Creamery, LP.

**I.      Procedural Background**

      On December 15, 2011, Plaintiff commenced this action by filing a petition in the District Court of the 18th Judicial District, Sedgwick County, Kansas. Plaintiff alleges in her petition that

Defendants engaged in a "conspiracy to fix, stabilize, raise and maintain the prices of Class I & III Milk and products containing Class I & III Milk including all cheeses . . . through the manipulation of trading on the Chicago Mercantile Exchange."[1]  Defendant DFA was served with the summons and petition on January 25, 2012.[2]  Defendant Keller's Creamery LP was served the same day.[3]

On February 21, 2012, Defendant DFA filed a notice of removal (ECF No. 1) with this Court.  The following day, February 22, 2012, Defendant DFA filed the instant motion to stay proceedings pending transfer of this action to the MDL.  It also filed with the JPML a notice of potential tag-along action.[4]  On February 24, 2012, the JPML entered an order, conditionally transferring the case to the Northern District of Illinois.[5]

On February 29, 2012, Plaintiff filed an application for entry of default (ECF No. 9) requesting that the Clerk of the Court enter default against both Defendant DFA and Keller's Creamery LP under Fed. R. Civ. P. 55(a).  On March 6, 2012, Defendant DFA filed a response (ECF No. 10) in opposition to Plaintiff's application for clerk's entry of default.  On March 16, 2012, Plaintiff filed a motion to strike (ECF No. 14) DFA's response to her application.  Defendant Keller's Creamery LP has not filed an answer or other responsive pleadings and did not join in the motion to stay proceedings filed by Defendant DFA.

---

[1]Petition (ECF No. 1-1) at 1.

[2]*See* State court records (ECF No. 8) at 106-8.

[3]*Id.* at 104-5.

[4]ECF No. 3-5.

[5]*See* Conditional Transfer Order (ECF No. 13-2)

## II.   Applicable Law Regarding Stays Pending Transfer Rulings by the JPML

A district court has the inherent power to stay its proceedings.[6]  This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7]  In exercising this power, the Court "must weigh competing interests and maintain an even balance."[8]

A case is not automatically stayed merely because a party has moved the JPML for transfer and consolidation.[9]  Nor is a stay required when a conditional JPML transfer order has been entered.[10]  Indeed, JPML Rule 2.1(d) provides that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."[11]  Courts, however, "frequently grant stays when an MDL decision is pending, particularly when the plaintiff would not be prejudiced by a slight delay."[12]

In deciding whether to grant a stay based on the pendency of a motion to transfer or a

---

[6]*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[7]*Id.*

[8]*Id.* at 255.

[9]*Associated Wholesale Grocers, Inc. v. United Egg Producers*, No. 11-CV-2063-CM/DJW, 2011 WL 1113546, at *1 (D. Kan. Mar. 24, 2011).

[10]*Id.*

[11]Rule 2.1(d), R.P.J.P.M.L.

[12]*Noland v. Enter. Holdings Inc.*, No. 10-2140-JWL, 2010 WL 2555122, at *1 (D. Kan. June 22, 2010) (granting stay pending resolution of plaintiff's objection to conditional transfer order).

3

conditional order of transfer by the JPML, courts typically consider three factors: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved.[13] The decision to grant or deny a temporary stay of proceedings pending a ruling by the JPML on a motion to transfer lies within the court's discretion.[14]

## III.    The Parties' Arguments

Defendant DFA argues that staying this action pending the JPML's decision transfer to the Northern District of Illinois MDL, *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, counsel, and the judiciary. It further argues that staying this proceeding temporarily until the JPML's decision will not unfairly prejudice Plaintiff.

Plaintiff opposes Defendant DFA's motion to stay these proceedings. She contends that Defendants DFA and Keller's Creamery LP are in default because they both have failed to plead or otherwise defend the allegations set forth in the petition. She further contends that Defendant DFA is in default because its motion to stay was filed more than 21 days following service of the petition and its motion to stay proceedings is not "a response permitted by Fed. R. Civ. P. 12(a) or (b)."

Defendant DFA asserts in its reply that it has actively defended against Plaintiff's claims in this case by timely removing it to this Court, filing its motion to stay, and seeking transfer to the MDL. To avoid any doubt that it has defaulted, it alternatively requests an additional 30 days from

---

[13]*Associated Wholesale*, 2011 WL 1113546, at *2; *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL-DJW, 2008 WL 4148596, at *1 (D. Kan. Sept. 3, 2008).

[14]*Associated Wholesale*, 2011 WL 1113546, at *2; *Garcia*, 2008 WL 4148596, at *1.

the Court's ruling to response to Plaintiff's petition.

## IV.     Application of Factors for Determining Whether to Grant the Requested Stay

### A.     Potential Prejudice to Nonmoving Party

The first factor the Court considers in deciding whether to grant a stay based on the pendency of a motion to transfer or a conditional order of transfer by the JPML is the potential prejudice to Plaintiff if the case is stayed.  Plaintiff asserts that she will be prejudiced by a stay of this action because it would prevent her from enforcing her rights arising from Defendants' defaults.  She claims that both Defendants have failed to plead or otherwise defend in this action, which subjects them to default judgment under Fed. R. Civ. P. 55.  She has filed an application requesting an entry of default by the Clerk of the Court against Defendants under Fed. R. Civ. P. 55(a).

### 1.     Defendant Keller Creamery LP

Plaintiff contends that Defendant Keller's Creamery LP has failed to plead or otherwise defend the allegations set forth in the petition, and she is entitled to entry of default against this defendant.  Since this Defendant is in default, she argues there will be no pretrial proceedings to be coordinated with the MDL court.

A review of the state court records filed in this case reveal that Defendant Keller's Creamery LP was served with summons and the petition in the state court proceedings on January 25, 2012. To date, Defendant Keller's Creamery LP has not filed anything in either the state court proceeding or in this case.  As such, it appears that Defendant Keller's Creamery LP has failed to plead or otherwise defend against Plaintiff's petition.  On March 29, 2012, the Clerk entered default against Defendant Keller's Creamery LP (ECF No. 15) pursuant to Fed. R. Civ. P. 55(a).   Given these events, the Court will not stay this action as to Defendant Keller's Creamery LP.

### 2.    Defendant DFA

Plaintiff also contends that Defendant DFA is in default because it has failed to plead or otherwise defend the allegations set forth in the petition.  She argues that DFA's motion to stay was filed more than 21 days following service of the petition and is not "a response permitted by Fed. R. Civ. P. 12(a) or (b)."

Fed. R. Civ. P. 81(c)(2) sets forth the deadlines for a defendant to answer after removal to federal court.  It provides that a defendant who did not answer before removal must answer within the longest of the following periods:

> (A) 21 days after receiving – through service or otherwise – a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.[15]

In this case, Defendant DFA filed its notice of removal on February 21, 2012 and its motion to stay this case on the next day, February 22, 2012.  Apparently relying on the filing of its motion to stay the case, Defendant DFA did not file an answer, responsive pleading, or motion to extend its deadline to answer or otherwise respond.  This raises the issue of whether the filing of the motion to stay all pretrial proceedings pending transfer to a MDL postpones Defendant DFA's obligation to answer or otherwise respond to the petition.  At least one court has disapproved of a defendant unilaterally electing to not respond to the complaint after filing a motion to stay the case, even where the motion to stay expressly reserved the right to answer or move against the complaint once the

---

[15]Fed. R. Civ. P. 81(c)(2).

motion to stay was decided.[16]   Here, the Court holds that Defendant DFA's motion to stay these proceedings pending transfer to the MDL, and which did not include a specific request to stay its answer deadline, does not postpone its obligation to answer or otherwise respond to Plaintiff's petition until after the Court rules on the motion to stay.  Defendant DFA, however, has alternatively requested in its reply that it be granted additional time to respond to Plaintiff's petition.  Although the request for an extension of time is made after the expiration of its deadline to answer, the Court finds that the delay was excusable in light of Defendant DFA's apparent belief that the filing of its motion to stay postponed its obligation to answer or otherwise respond.  The Court will therefore grant Defendant DFA's request for additional time to respond to Plaintiff's petition.

Given the Court's extension of Defendant DFA's deadline for answering or otherwise responding to Plaintiff's petition, Defendant DFA is not in default.  Moreover, even if the Court had not extended the deadline for Defendant DFA to answer or otherwise plead, the Court finds that Plaintiff would still not be entitled to entry of default against Defendant DFA.  Even though Defendant DFA technically never filed an answer, responsive pleading or motion for extension of time, it has otherwise defended the action under Fed. R. Civ. P. 55(a).[17]  Specifically, it has defended the action by its removal of the state court action, filing of the motion to stay, filing the notice of potential tag-along action with the JPML, and filing of its response in opposition to the application to clerk's entry of default.

---

[16]*See Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07-cv-01723-MSK-CBS, 2008 WL 4097466, at *8 (D. Colo. Sept. 4, 2008) (criticizing defendant's decision to file a motion stay and unilaterally elect to not respond to the complaint until after the court ruled on the motion to stay).

[17]*See* Fed. R. Civ. P. 55(a) (The clerk may enter a party's default only where the party has "failed to plead or otherwise defend").

Accordingly, the Court rejects Plaintiff's claim of prejudice based upon her pending application for entry of default against Defendant DFA. Plaintiff has not otherwise shown how she will be prejudiced by staying this case as to Defendant DFA pending its potential transfer to the MDL.

**B.     Hardship and Inequity to Moving Party**

The second factor considered by the Court is the hardship and inequity to Defendant DFA if the action is not stayed. Here, Defendant DFA argues that in the absence of a stay, it will be required to defend similar suits in multiple jurisdictions, potentially exposing it to duplicative motion practice, redundant discovery proceedings, or inconsistent pretrial rulings. It states that the nature of Plaintiff's allegation is virtually identical to those previously transferred to the MDL by the JPML. It has moved to dismiss the indirect purchasers' second amended complaint in the MDL. That motion is fully briefed and awaits the MDL judge's ruling. Defendant DFA claims that Plaintiff's petition in this case suffers from the same deficiencies as the indirect purchasers' claims in the MDL. If a stay is issued and the transfer to the MDL becomes final, the MDL judge will consider any motion to dismiss Plaintiff's claims and conduct all pretrial activity in the context of his extensive involvement with these issues and his previous decisions in the MDL. Defendant DFA points that the parties in the MDL have already engaged in significant discovery, including the production of more than hundreds of thousands of pages, and the MDL judge has made pretrial rulings on both discovery and dispositive issues.

The Court finds that on balance, any prejudice to Plaintiff from staying this action pending transfer to the MDL is outweighed by the hardship and inequity to Defendant DFA if the action is not stayed. It will require Defendant DFA to defend similar actions in multiple jurisdictions, which

may require duplicative motions and discovery and may pose a risk of inconsistent rulings.  Staying the proceedings in this action and ultimately coordinating this action with the other related actions will allow the MDL judge to consider any common legal and factual pretrial issues together.  It will also reduce or eliminate the risk of inconsistent decisions on common issues involving the same parties and the same putative classes.

### C.      Judicial Economy

The third and final factor is whether staying the case would serve judicial economy, i.e. whether judicial resources would be saved.  Defendant DFA argues that staying the proceedings in this action and ultimately coordinating this action with the other related actions in the MDL will allow a single judge to consider any common legal and factual pretrial issues together.  If this Court were to allow pretrial matters to proceed and the JPML then transfers the case, the efforts of this Court might needlessly be repeated or negated by any inconsistent decisions by the MDL judge.

The Court finds that the interests of judicial economy and efficiency are best served by staying this action pending the JPLM's decision on transfer to the MDL, but only as to Defendant DFA.  This would prevent inconsistent or redundant pretrial rulings should the matter be transferred to the MDL.  It would be unnecessary for this Court to continue acquiring in-depth and detailed knowledge about this case with the possibility for transfer pending.

In summary, the Court finds that the interests of judicial economy and efficiency will be best served, and prejudice to Plaintiff and Defendant DFA will be minimized, if all pretrial proceedings in this case are stayed as to Defendant DFA pending the JPML's decision on transfer to the MDL. The case, however, will not be stayed as to Defendant Keller's Creamery, LP as it appears that Defendant Keller's Creamery LP has failed to plead or otherwise defend against Plaintiff's petition.

As the Clerk of Court has entered default against Defendant Keller's Creamery LP under Fed. R. Civ. P. 55(a), the Court will not stay this action as to this Defendant.

**IT IS THEREFORE ORDERED THAT** Defendant Dairy Farmers of America, Inc.'s Motion to Stay Proceedings Pending Transfer to the Northern District of Illinois (ECF No. 3) is granted.  This action, including all proceedings and deadlines, is hereby stayed as to Defendant Dairy Farmers of America, Inc. pending a ruling by the JPML concerning the transfer of this action to the MDL *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation* for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  The case, however, will not be stayed as to Defendant Keller's Creamery, LP, and Plaintiff may proceed on her claims against that Defendant.

**IT IS FURTHER ORDERED THAT** Defendant DFA is granted an extension of time to answer or otherwise plead to Plaintiff's petition up to and including 30 days after the JPML issues its decision regarding transfer of the case to the MDL.  Plaintiff's Application for Entry of Default (ECF No. 9) is denied as to Defendant Dairy Farmers of America, Inc.

**IT IS FURTHER ORDER THAT** Plaintiff's Motion to Strike Response to Application for Entry of Default (ECF No. 14) is denied.

**IT IS FURTHER ORDERED THAT** within fourteen days of the JPML's issuance of its decision, Defendants shall file a notice with this Court informing of the panel's decision.

Dated this 4th day of April, 2012, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

10